# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued April 21, 2008　　　　　Decided July 25, 2008

No. 07-5191

STOLT-NIELSEN TRANSPORTATION GROUP LTD.,
APPELLANT

v.

UNITED STATES OF AMERICA,
APPELLEE

CONSOLIDATED WITH 07-5192

Appeals from the United States District Court
for the District of Columbia
(No. 05cv02217)

　　*J. Mark Gidley* argued the cause for appellant.  With him on
the briefs was *Lucius B. Lau*.  *Christopher M. Curran* entered an
appearance.

　　*Alisa B. Klein*, Attorney, U.S. Department of Justice, argued
the cause for appellee.  With her on the brief were *Thomas O.
Barnett*, Assistant Attorney General, *Jeffrey S. Bucholtz*, Acting
Assistant Attorney General, *Jeffrey A. Taylor*, U.S. Attorney,
*Jonathan F. Cohn*, Deputy Assistant Attorney General, and

*Mark B. Stern*, Attorney. *Charlotte A. Abel* and *R. Craig Lawrence*, Assistant U.S. Attorneys, entered appearances.

Before: SENTELLE, *Chief Judge*, TATEL and GARLAND, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* SENTELLE.

SENTELLE, *Chief Judge*: This is an appeal by Stolt-Nielsen Transportation Group ("Stolt-Nielsen") from a summary judgment in favor of the United States in a FOIA action in which Stolt-Nielsen had sought, *inter alia*, all amnesty agreements entered into by the Antitrust Division of the United States Department of Justice since 1993. The district court held that the agreements were exempt under several provisions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The court further held that no portions of the documents were "reasonably segregable" so as to make provision of redacted versions of the exempt documents subject to release under FOIA. Upon review, we conclude that only two possible exemption provisions are applicable and that the record does not support a conclusion that exempt portions of the documents are not reasonably segregable. We therefore vacate the judgment of the district court and remand the matter to the district court for further proceedings to establish the feasibility of the release of redacted versions of the amnesty agreements.

## BACKGROUND

Appellant Stolt-Nielsen is a parcel tanker shipping company. Allegedly in the late 1990's and early 2000's, Stolt-Nielsen colluded with other parcel tanker shipping companies not to compete for each other's customers on deep-sea trade routes as part of an international cartel. Apparently fearing prosecution for this collusion, in early 2000 Stolt-Nielsen

entered into an amnesty agreement with the Antitrust Division of the Department of Justice ("Division"), under which the Division agreed not to prosecute Stolt-Nielsen for its collusion in exchange for reporting its illegal antitrust activity. The Division's amnesty agreements are part of its amnesty program, also known as the corporate leniency program, adopted in its current form in 1993. The Stolt-Nielsen amnesty agreement and the other agreements sought by Stolt-Nielsen in this proceeding are based on the model amnesty agreement drafted by the government in the early days of the program. According to the government, "amnesty agreements are conducted with the express undertaking that the negotiations and the information provided by the applicant will remain confidential, even after the investigation at issue is closed." Appellee Br. at 7.

In 2004, the Division, in the belief that Stolt-Nielsen had not complied with the requirements of the amnesty agreement, revoked Stolt-Nielsen's amnesty. There followed a flurry of litigation between Stolt-Nielsen and the government, most of which is not relevant to the issues in the current proceeding. *See Stolt-Nielsen, S.A. v. United States*, 442 F.3d 177 (3d Cir.), *cert. denied*, 127 S. Ct. 494 (2006); *United States v. Stolt-Nielsen, S.A.*, 524 F. Supp. 2d 586 (E.D. Pa. 2007). After the disclosure of the Division's revocation of Stolt-Nielsen's conditional amnesty, the government, with leave of the U.S. District Court for the Eastern District of Pennsylvania, made public Stolt-Nielsen's amnesty agreement. During the course of the ongoing litigation, Stolt-Nielsen made a series of FOIA requests for a broad range of information concerning the amnesty program, including, as relevant here, requests for "all amnesty agreements entered into by the Antitrust Division from August 1993 to the present." This request involved approximately 100 amnesty agreements. The FOIA request expressly stated that Stolt-Nielsen would accept the agreements "with the names and identities of the relevant companies or individuals redacted."

The government withheld all amnesty agreements that had not already been released.

Stolt-Nielsen filed the instant action under FOIA seeking release of a number of documents, including the amnesty agreements currently at issue. The government filed a Vaughn Index, asserting that the agreements were exempted from release by FOIA Exemptions 2, 3, 5, and 7(A), (C), and (D). *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Both parties moved for summary judgment. The district court held that the documents were properly withheld, relying on all exemptions asserted by the government. The court further held that no portions of the agreements were reasonably segregable "because of the nature of these documents." *Stolt-Nielsen v. United States*, 480 F. Supp. 2d 166, 182 (D.D.C. 2007). Upon this holding the district court granted the government's motion for summary judgment and denied the motion of Stolt-Nielsen. Stolt-Nielsen filed the present appeal seeking reversal of the district court's judgment insofar as it applied to the amnesty agreements, apparently abandoning its request for other information. Upon review, we conclude that only Exemption 7(D) and possibly 7(A) are applicable to the documents and further that the government has not established that there are no reasonably segregable portions of the documents required to be released under FOIA, 5 U.S.C. § 552(b). We therefore vacate the judgment of the district court and remand for further proceedings to establish what portions of the amnesty agreements must be released under FOIA.

**ANALYSIS**

Our review of the district court's decision in a summary judgment proceeding is *de novo*. *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1111–12 (D.C. Cir. 2007). In the district court, as noted above, the Division relied upon six grounds of

exemption. On appeal, the government relies upon only Exemptions 7(A) and 7(D), apparently abandoning its reliance upon the other sections. We think this abandonment wise, as none of the other exemptions are applicable to these documents. Although abandoned by the government, we will briefly allude to the inapplicability of the other exemptions, as the district court relied upon them in its published opinion. *See Stolt-Nielsen v. United States*, *supra*.

Exemption 2, 5 U.S.C. § 552(b)(2), permits an agency to withhold information "related solely to the internal personnel rules and practices of an agency." This exemption applies only to material that "meets the test of 'predominant internality,'" and where the "disclosure significantly risks circumvention of agency regulations or statutes." *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051, 1074 (D.C. Cir. 1981). The requested documents on their face do not "relate[] solely to the internal personnel rules and practices of an agency." *See* 5 U.S.C. § 552(b)(2). They deal entirely with the relationship between the government and a private party—a self-disclosing antitrust violator—and cannot be withheld under Exemption 2.

Exemption 3, 5 U.S.C. § 552(b)(3), permits an agency to withhold information "specifically exempted from disclosure by statute." In the district court the government contended that the documents were exempted from disclosure under Rule 6(e) of the Federal Rules of Criminal Procedure. Rule 6(e) prohibits, with exceptions, the disclosure of matters "occurring before the grand jury." In the district court the Division's Vaughn Index stated that certain of the withheld amnesty agreements "are grand jury exhibits, reveal information discussed before the grand jury, and were created for the purposes of the investigations at issue." While this may be true, "[t]here is no *per se* rule against disclosure of any and all information which has reached the grand jury chambers." *Senate of the*

*Commonwealth of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987). For Rule 6(e) to be applicable, "the touchstone is whether disclosure would tend to reveal some secret aspect of the grand jury's investigation[,] such matters as the identities or addresses of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Id.* (citations and internal quotation marks omitted). In other words, the government may not bring information into the protection of Rule 6(e) and thereby into the protection afforded by Exemption 3, simply by submitting it as a grand jury exhibit. A contrary holding could render much of FOIA's mandate illusory, as the government could often conceal otherwise disclosable information simply by submitting the information to a grand jury.[1]

Exemption 5, 5 U.S.C. § 552(b)(5), permits an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." As with Exemption 3, the amnesty agreements do not fall within Exemption 5 by the terms of the statute. To qualify as exempt under this section, a document must meet two conditions: "its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Without regard to the applicability of discovery rules, an amnesty agreement between a government agency and an external party is not an inter-agency or intra-agency

---

[1] To the extent that disclosure of a particular agreement could tend to reveal the identities or addresses of witnesses or the substance of their testimony before a grand jury, Exemption 3 is redundant of Exemption 7(D), as discussed below.

memorandum or letter. It is not a communication either between the Division and some other agency or between two parts of the Division, and it does not appear to be a memorandum at all.

In the district court, the government relied upon Exemption 6, as did the district court in its opinion. As that exemption protects only "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," and as there is nothing in the amnesty agreements which fits that description, we assume that the government and the district court relied upon this section with reference to other information no longer at issue.

The only exemptions possibly applicable to the amnesty agreements are those created by subsection (b)(7) of FOIA, specifically Exemptions 7(A) and 7(D).[2] The relevant portion of subsection (b)(7) exempts

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, . . . [or] (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement

---

[2] The government in the district court and the district court in its opinion also relied upon Exemption 7(C). As with the other exemptions discussed above, we think the government's abandonment is well taken as Exemption 7(C) does not appear applicable or justified by the Vaughn Index.

> authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source . . . .

5 U.S.C. § 552(b)(7). We agree that the Vaughn Index establishes at least a colorable basis for the assertion of Exemption 7(A) or (D) withholding. However, that does not end the case. It does appear that the names of amnesty applicants are present and perhaps other information contained in the agreement could identify amnesty applicants and information they furnished as confidential sources and that the government might lawfully withhold that information. But FOIA further provides that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under" the subsection setting forth the exemption. 5 U.S.C. § 552(b). Indeed, "[t]he focus of FOIA is information, not documents, and an agency cannot justify withholding an entire document simply by showing that it contains some exempt material." *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). Otherwise put, "an entire document is not exempt merely because an isolated portion need not be disclosed . . . . [T]he agency may not sweep a document under a general allegation of exemption . . . [i]t is quite possible that part of a document should be kept secret while part should be disclosed." *Vaughn*, 484 F.2d at 825.

This being the established rule for FOIA withholding of redacted versions of possibly segregable material, it follows that, as we have stated before, "[a]ny reasonably segregable portion of a record shall be provided to a person requesting such record after deletion of the portions which are exempt." *See Sussman*, 494 F.3d at 1116 (quoting 5 U.S.C. § 552(b)). Therefore, "[b]efore approving the application of a FOIA exemption, the

district court must make specific findings of segregability regarding the documents to be withheld." *Id.* In the record before the district court, specifically the government's Vaughn Index, the government's only justification for withholding the agreements in the face of the redaction of identifying information is a conclusory affidavit by a Division official declaring that a Division paralegal had "reviewed each page line-by-line to assure himself that he was withholding from disclosure only information exempt pursuant to the Act." The Division's conclusion on a matter of law is not sufficient support for a court to conclude that the self-serving conclusion is the correct one. In argument before the district court and this court, the Division attempted a *post hoc* fleshing out of its conclusion by asserting that the dates of various documents could allow persons with expert knowledge of antitrust proceedings to determine what industries were under investigation. This does not, of course, explain why dates could not be redacted along with names if that protection is found to be necessary. The Division further argues that the redacted documents without names and dates would provide no meaningful information. Neither is this justification. FOIA does not require that information must be helpful to the requestee before the government must disclose it. FOIA mandates disclosure of information, not solely disclosure of helpful information.

As we noted in *Sussman*, before we will uphold the district court's conclusion that withholding of information is lawful under FOIA in the face of possible redaction, "the district court must make specific findings of segregability regarding the documents to be withheld." *Sussman*, 494 F.3d at 1116. Indeed, "if the district court approves withholding without such a finding, remand is required even if the requestee did not raise the issue of segregability before the court." *Id.* (citing *Johnson v. EOUSA*, 310 F.3d 771, 776 (D.C. Cir. 2002); *Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1028

(D.C. Cir. 1999)). So much more so where, as here, the requestee did raise the segregability issue before the district court.

While perhaps in theory we could conduct a further review in this court under our *de novo* standard, in the interest of efficiency we have long required the district court to make the first finding on the segregability question. *See, e.g.*, *Summers v. Dep't of Justice*, 140 F.3d 1077, 1081 (D.C. Cir. 1998). As in earlier cases, "[w]e therefore leave it to the district court to determine on remand whether more detailed affidavits are appropriate or whether an alternative such as *in camera* review would better strike the balance between protecting [exempted] information and disclosing nonexempt information as required by the FOIA." *Krikorian v. Dep't of State*, 984 F.2d 461, 467 (D.C. Cir. 1983).

## CONCLUSION

In short, for the reasons set forth above, we vacate the district court's grant of summary judgment and remand this case for further proceedings consistent with this opinion.